Dear Mr. Perez:
This office is in receipt of your request for an opinion of the Attorney General in regard to the reimbursement due the Department of Health and Hospitals (DHH) from the Sabine Association for Retarded Citizens, Inc. (SARC) for administrative cost from staff overtime and travel expenses incurred as a result of a court-ordered receivership.
You indicate SARC is a private, non-profit organization incorporated on August 13, 1970 to promote the general welfare of people with mental retardation, and now operates six Medicaid funded group homes as well as a sheltered workshop. Pursuant to allegations of wrongdoing the District Attorney commenced an investigation and the complaints were validated. DHH's Bureau of Health Services Financing began action to decertify the SARC homes which would have caused the group homes to shut down with the clients being moved to DHH operated facilities. District Judge Pickett signed a temporary restraining order staying the decertification and on June 11, 1993 extended this order and appointed DHH through its agent, Jospeh L. Martinez, temporary receiver of SARC to have sole authority to manage all aspects of the SARC operations until released by the court. In August the temporary order was converted to a preliminary injunction which expired on December 31, 1993. The Executive and Assistant Directors of SARC were indicted, resigned and subsequently a new Board of Directors were elected who are not functioning.
It has been agreed that some funds are due to DHH from SARC. However, there is a dispute whether DHH is entitled to recoupment of administrative and travel funds spent administering the operations of SARC from June 11, 1993 to December 31, 1993 pursuant to the court order. The court order is silent as to any receivership fees to compensate DHH for the administration of the operation of SARC during the six month period in question.
Your question is whether or not DHH is entitled to reimbursement from SARC for administrative and travel expenses incurred as a result of the court-ordered receivership.
In response to the request by DHH for reimbursement for these expenses SARC's Executive Director maintains that DHH saved the difference in the per diem of having the clients remain at SARC rather than having them transferred to Northwest State School or Pinecrest State School of $476,280 and $234,360 respectively. It is further related that DHH used SARC facilities, vehicles, staff and funds to operate the program for its seven months stay, thereby saving additional thousands of dollars. It is stated that it would be a financial hardship to repay approximately $250,000 requested by DHH, and that the "expenses should not be the responsibility of the Arc of Sabine since the Department of Health and Hospitals was the agency in the administrative role."
We do not find any Louisiana jurisprudence on point but have found the following in 75 C.J.S. Receivers 385:
 A receiver is entitled to credit or allowance for all proper and necessary payments, disbursements, and expenditures made or expenses incurred, by him in the performance of his duties.
Under this heading it is provided he is not entitled to payments made to an assistant in the employ of the receiver's company who has received full-time salary from such company for the entire period during which he was allegedly employed by the receiver, but if we understand correctly the reimbursement being sought herein is for overtime payments.
It is also provided allowance may be made to a receiver for his traveling expenses incurred in looking after the property in his charge. However, we do not know exactly what the traveling expenses being sought includes, but do note that it is stated DDH used SARC staff and vehicles.
Also, 75 C.J.S. Receivers 380 states a receiver will be charged with the reasonable value of the hire of receivership property which he has used in and about his own business which makes us feel consideration should be given to the savings alleged to have been made by the Department by the continued operation of SARC rather than having these clients put into the state system.
All of this indicates to us that this is an issue that goes beyond the question of DHH being entitled to be reimbursed expenses, but a determination of what those actual expense are which is a matter that should be brought before the judge who appointed the receiver if an agreement cannot be reached, but is not a question this office can resolve.
We regret that we have not been able to answer the issues presented but feel this is a matter that entails consideration of many factual questions to settle the disagreement.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR